## LATHAM *v.* DELANEY.

(*Superior Court of New York City, General Term.*  January 5, 1891.)

ACTION ON FOREIGN JUDGMENT—WANT OF JURISDICTION—DEFECTIVE RETURN.

In an action on a foreign judgment, defendant may contradict its recitals, and show want of jurisdiction in the foreign court, by extrinsic evidence; and it is reversible error to exclude testimony offered by the defendant tending to show a defective return upon original process, upon which such judgment is based.

Appeal from jury term.

Paul W. Latham sued Patrick B. Delaney on a foreign judgment.  Appeal by defendant from judgment against him, and from order denying motion for a new trial, made upon the judge's minutes.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*E. Louis Lowe,* for appellant.  *William C. Davis,* for respondent.

PER CURIAM.  The action was against the appellant, individually, upon a judgment entered in the circuit court of the state of Virginia against one R. N. Pool and the appellant jointly.  The chief question litigated on the trial was whether the court of Virginia had obtained, before rendering judgment, jurisdiction of the person of the present defendant.  In the instance of a foreign judgment rendered by a court of general jurisdiction, the recitals or statements in the record of it purporting to show jurisdiction may be contradicted, and the presumption of jurisdiction may be overthrown, by testimony. *Ferguson* v. *Crawford,* 70 N. Y. 257, and the cases there cited.  The return by the sheriff as to service of summons, on the record, was: "Executed upon R. N. Pool and P. B. Delaney by leaving with the wife of each a copy of the within summons, also certified copy of account, they both being white persons over the age of sixteen years, and members of the family; explained purport thereof, neither of them being found at their usual place of abode."  The legal method of service of summons appeared in section 1, c. 163, tit. 51, of the Code of Virginia of 1873, which was given in evidence.  Service is "by delivering a copy thereof in writing to the party in person, or, if he be not found at his usual place of abode, by delivering such copy, and giving information of its purport, to his wife, or any person found there who is a member of his family and above the age of 16 years; or if neither he nor his wife, nor any such person, be found, then by leaving such copy posted at the front door of said place of abode."  The return, therefore, did not show service, because it did not declare that the service made upon the wife was made at the usual place of abode of the defendant.

To meet the presumption of jurisdiction in fact that might be created by the judgment being made by a court of general jurisdiction, the defendant, upon the trial, gave proof tending to show that the service upon the wife was made at a place not the usual abode of the defendant, and also that the defendant himself was not within the state of Virginia at the time of the service upon his wife.  To maintain the jurisdiction, the plaintiff relied upon certain recitals in the judgment,—that the defendant in it had personally appeared before the court, as perhaps it might be argued was the recital of the judgment, or had appeared by attorney.  The defendant, on the trial, offered evidence tending to show that the plaintiff had not appeared in person in the court of Virginia, and had not authorized any attorney to appear for him. *Kerr* v. *Kerr,* 41 N. Y. 275.  The court excluded incorrectly, I think, the testimony offered.

At the close of the testimony the court ordered a verdict for plaintiff under the exception by defendant.  In the condition of the testimony as to the service of original process, I think the question was one for the jury.  They might have found that no sufficient service had been made.  In that case, and so far as that affected jurisdiction, the court of Virginia was without jurisdiction.

In connection with this, the testimony that was excluded, if given, might. have persuaded the jury that the recitals of appearance were incorrect in fact, and that so far as that was concerned there was no jurisdiction. There was. no right lost by the defendant in not asking leave to go to the jury, for he had not neglected any direction in his own behalf upon a construction of the evidence submitted by him to the court.

It is to be noticed that the present action is against the defendant individually upon a joint judgment. No question was made upon the trial or on the argument as to the power of the joint debtor, the two being partners, to cause an appearance for the present defendant. The judgment and order appealed. from are reversed, and a new trial ordered, with costs to abide the event.